ANN MORAN, adm'x &c. of James Moran, deceased, *vs.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

In an action to recover damages for the killing of the plaintiff's intestate, an employe of the defendant, by a collision caused by the negligence of the latter, evidence was given tending to establish negligence in three particulars: that the train was running at a dangerous rate of speed; that the brakes were imperfect, or out of order; and that the train was insufficiently manned. At the close of the trial, the plaintiff's counsel withdrew the first ground of negligence from the consideration of the jury. The evidence to establish the second and third grounds being very slight; *held* that it was for the jury to say whether the brakes were defective, or the train insufficiently manned, and also whether those causes, if they existed, produced the injury complained of; and that it could not be claimed that a verdict for the defendant was clearly against the weight of evidence.

*Held,* also, that the proof showing, plainly, that the great speed of the train was the principal, if not the only, cause of the collision, and that question having been withdrawn from the case, as a ground of recovery, the jury were authorized to find against a right of action, and an order denying a new trial, was properly granted.

Where the trial proceeded on the hypothesis that the deceased was an employe of the defendant, engaged in the business of his employment, at the time of the collision; *held,* that evidence to prove what the defendant's practice was, as to hanging out signal lights at a certain point, was properly excluded; inasmuch as the omission to give the signal, (conceding that to have been negligence,) was the negligence of a co-employe engaged in the same general employment. And that there being no evidence that the defendant's employes, or any of them, were not skilful and competent, the case was brought directly within the decision in *Warner* v. *Erie Railway Co.*, (39 *N. Y.*, 468.)

And that the negligence of the engineer, in running the train too fast, being the negligence of a co-employe, would, within the principle of that and kindred cases, give to the plaintiff no right of action for that.

Where the subject of great speed was expressly waived as a substantive ground of negligence, on the trial; *held,* that it could not be urged, upon appeal, as a circumstance of negligence, that the omission of the defendant to place a signal " caused the increased rate of speed."

The defendant's switchman was permitted to state that, in his opinion, the injury was caused by the running of the train with too great velocity. *Held,* that an objection to this testimony, not specifying any particular ground therefor, was too general to be of any avail.

*Held,* also, that such testimony was harmless; especially as it stood conceded that the subject of great speed was not to be taken into consideration, as a ground of negligence.

APPEAL by the plaintiff from an order denying a new trial on the minutes, and motion for new trial on case and exceptions, ordered to be heard in the first instance at the General Term.

The action was brought to recover damages for the killing of James Moran by the defendant's negligence.

Moran was a brakeman on the defendant's road, on a freight train running from West Albany to Syracuse. He lived in the city of Albany, and on the evening of the 27th of May, 1872, he was proceeding to West Albany to join his train, which was to leave soon after eight o'clock. He got on a passing freight train in the city of Albany to go to West Albany, as was the practice of the employes of the road; there to enter upon his duties on his train west.

The train from Albany proceeded with considerable speed to West Albany, where there was "a running switch." The engine ahead was separated from the train, and the train was switched off on a side track on which cars were standing, and, by the collision with the standing cars, the six cars in front of the train were telescoped and Moran was killed.

Evidence was given tending to establish negligence on the part of the company, in three particulars: That the train, at the time of the collision, was running at an improper and dangerous rate of speed; that the brakes were imperfect or out of order; and that the train was insufficiently manned.

At the close of the trial, the plaintiff's counsel withdrew the first above ground of negligence from the consideration of the jury; and the case was submitted on the other two points. The jury found a verdict in favor of the defendant. A motion was made for a new trial on the minutes, which was denied.

The case now comes before the court on appeal from this order; and on a case and exceptions, ordered to be

heard in the first instance at General Term. (*S. C.*, briefly reported, 3 *Thomp. & C.*, 770.)

*A. J. Parker*, for the plaintiff.

*S. Hand*, for the defendant.

*By the Court*, Bockes, J. Very much of the evidence given on the trial had reference to the rate of speed at which the train was running at the time of the collision ; but the plaintiff's counsel, on the trial, disclaimed all pretence of negligence based on that ground. The withdrawal of this subject as a basis of recovery, leaves the case quite barren of facts on which to found a right of action. There was, indeed, very little evidence tending to show that the brakes were out of order, or that any brake was materially defective ; and still less, if indeed there was any, going to show that the train was insufficiently manned. Nor was it made at all clearly to appear that the injury complained of resulted from either of those causes. Hence the case, in its most favorable aspect for the plaintiff, was for the jury, on the facts proved. It was for the jury to say whether the brakes were defective ; and whether the train was insufficiently manned, admitting that there was some slight evidence of it ; and also whether those causes, if they existed, produced the injury complained of. The evidence bearing on these points was very slight. It cannot be said, with any propriety, that the verdict was clearly against the evidence.

But it is plain to see, on reading the proof, that the great speed of the train was the principal, if not the only cause of the collision. All other causes, if any existed, were insignificant compared with that. The speed was so great that the collision would have resulted had the brakes been in perfect order and the train well manned. It was a heavy train, moving with

great velocity. Six cars were crushed, or "telescoped" by the collision. The train could not have been so suddenly checked by ordinary means and appliances as to have avoided a destructive collision. Withdraw this principal cause of injury from the case, as ground of negligence, and the jury were well authorized to find against a right of action.

The order denying a new trial on the minutes should be affirmed.

The motion for a new trial on the case and exceptious remains to be examined.

The first allegation of error urged upon our consideration, is that the plaintiff was not allowed to prove what the defendant's practice was as to hanging out signal lights at the point where the train was switched off. The trial proceeded on the hypothesis that the deceased was an employe of the defendant, and at the time of the accident was engaged in the business of his employment. In this view, the evidence offered was properly excluded, inasmuch as the omission to give the signal, (conceding that to have been negligence,) was the negligence of a co-employe engaged in the same general employment. There was no evidence that the defendant's employes, or any of them, were not skilful and competent to perform the services required of them. So, in this view, the case is brought directly within the decisions in *Warner* v. *Erie Railway Co.* (39 *N. Y.*, 468,) and kindred cases. But as the case was presented, the omission to place the signal was not a circumstance of negligence. The argument is that the omission "caused the increased rate of speed." It is so urged in the plaintiff's points. Yet this subject of great speed was expressly waived as a substantive ground of negligence. Besides, the negligence of the engineer in running the train too fast, would be the negligence of a co-employe, giving to the plaintiff no right of action for that, within the principle of the

case above cited. The exclusion of this evidence constitutes no ground of error.

It is next urged that the court erred in permitting the defendant's switchman to state that, in his opinion, the injury was caused by the running of the train with too great velocity. The objection interposed was general. No ground of objection was stated. If put on the ground that the witness was not competent to give an opinion, it should have been so stated. His competency might then have been shown, perhaps. But I am of the opinion that the evidence was entirely harmless. The witness stated, against the plaintiff's objection, that he thought the injury to the train was caused by its running at too great a rate of speed — that if it had come up at the moderate and usual rate it would not have done so much damage — that coming slower it could have been more easily checked. Now all this evidence was but the expression of common observation. Of course the velocity of the train caused the injury to it. Testifying to this fact could do no harm; especially when it stood conceded that the subject of great speed was not to be taken into consideration as ground of negligence.

It is also urged that the court erred in charging that there was no evidence from which the jury could find that the defendant was negligent in not furnishing a sufficient number of men (as it is understood) to run and manage the train.

After carefully examining the case, I am of the opinion that the learned judge correctly charged in this regard. There was no evidence whatever that the train was insufficiently manned. For aught that appeared, there were enough men employed on it to run it with ordinary safety. There is absolutely no evidence from which the contrary could be fairly inferred.

It seems, therefore, that the case presents no ground of error in the admission or rejection of evidence nor in

the charge of the court. The motion for a new trial should therefore be denied, and the defendant is entitled to judgment on the verdict, with costs. ·

The view here taken of this case renders it unnecessary to inquire whether the plaintiff's intestate should not be held to have been a trespasser on the train, or at least riding on a mere naked license. This question is not considered.

The order appealed from should affirmed, the motion for a new trial denied, and the defendant is entitled to judgment on the verdict with costs.

Judgment accordingly.

[THIRD DEPARTMENT, GENERAL TERM at Albany, March 12, 1874. *Miller*, *Bockes* and *Boardman*, Justices.]